IN THE MATTER OF THE ESTATE OF

JOE DEE NELSON

Decided on April 7, 1977

Claudeen B. Arthur, Shiprock, New Mexico, for Petitioners-Appellants

Wilbert Tsosie, D.N.A., Shiprock, New Mexico, for Respondent-Appellee

JOHN, District Judge

This matter arises from a Final Probate Decree granted by this court on November 16, 1976, awarding a Grazing Permit, No. 12-960 for 104 SU including 5 horses with brand ZQI assigned in Grazing District 12, to the only surviving child of the decedent, Betty Nelson Todicheeny, upon the filing of affidavit of relinquishment by the surviving spouse of her legal interest in his (decedent's) share of the grazing permit.

Cecilia N. Henderson and Tom D. Nelson, Petitioners, objecting to the Final Probate Decree are natural siblings of the decedent and were granted an order setting aside the probate decree on February 8, 1977 and permitted to file their objections. Petitioners objections were heard on March 9, 1977.

The issue for this Court to decide is the following:

Did the decedent, prior to his death, give a portion of his Grazing Permit as a gift inter vivos to his brother and sister?

It is undisputed, based upon oral testimony, that a valid marriage existed between the decedent and Marilyn Nelson. There was one child born of this marriage, namely: Betty N. Todicheeny. This then constitute the legal heirs of the estate.

The issue of controversy is a Grazing Permit issued to the decedent on November 24, 1941, during the existing marriage of the decedent making this property subject to the community property laws. The decedent, if he was to make a gift inter vivos of the permit could only do so with his half.

Petitioners, Tom D. Nelson and Cecilia N. Henderson, claim that the decedent gave them a portion of his share of the grazing permit as a gift inter vivos and the court could not include that portion of the grazing permit in the estate. To constitute a valid gift inter vivos, the property must have been delivered to the Donee effectuated by the delivery of the deed. For obvious reasons, "deed" could not be the mechanism for transfer here. However, a grazing permit is the functional equivalent. There is some question as to whether a grazing permit is real or personal property. This is a recurring question so a final determination ought to be made as to the status of that issue; however, that is a question for the Court of Appeals.

In this case, the donor died before the transfer of the permit to the petitioners and our laws are silent on the question as to what constitutes or what is required to prove the decedent's intent under the present circumstances. Most states require a written will to prove the decedent's intention and oral wills are usually not acceptable. Grazing permits and their dispositions are highly and emotionally sensitive to the Navajo People and generally give rise to highly emotional controversies; therefore, in instances where the donor in a gift inter vivos situation dies before actual or effective delivery of a grazing permit and absent any written will dictating descent or where the will is silent on that issue, such permit should be transferred to the Navajo Nation's intestacy law or to marital interest law as the case may be.

Petitioner's argument here is relatively weak absent evidence of a duly recorded Grazing Committee approval of the decedent's intentions. The decedent did sign a blank Bill of Sale or Transfer Forms but evidence of actual physical transfer or securing Grazing Committee ratification was unfortunately lacking or not submitted into evidence. It is clear that both of the above elements have to be established before the gift inter vivos is declared valid. This Court may have taken a different view had the Grazing Committee testified as to their ratification of decedent's intention in this case. There was argument offered that BIA approval as far as completion of Bill of Sale and Transfer Forms is essential. This Court will dispose of that contention as irrelevant and immaterial.

The fact that decedent announced his intention to the Grazing

Committee is indicative but not controlling. He did not carry through his announced intention, thus the gift still remains unexecuted and that failure properly put the permit into probate.

Therefore, the Grazing Permit was properly distributed as part of the estate according to the probate laws of the Navajo Nation and petitioners are denied their relief.

It is so ordered.